Ray DICKENS, Plaintiff-Appellant,

v.

Phil LEWIS, et al.,
Defendants-Appellees,

No. 84–2134
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 5, 1984.

Ray Dickens, pro se.

Leonard Thomas Bradt, Spring, Tex., for plaintiff-appellant.

James R. Gough, Asst. U.S. Atty., Daniel K. Hedges, U.S. Atty., Linda Cipriani, C.J. (Neil) Calnan, Asst. U.S. Attys., Houston, Tex., for Phil Lewis, et al.

L.G. Clinton, III, Houston, Tex., for Shelton Machine.

Before CLARK, Chief Judge, RUBIN, and GARWOOD, Circuit Judges.

CLARK, Chief Judge:

Ray Dickens appeals the dismissal of his suit against Shelton Machine Works and three agents of the Bureau of Alchol, Tobacco, and Firearms which arose out of the agents' seizure of certain pieces of metal that Dickens had given Shelton for modification. We affirm.

I

In August 1983 Dickens requested Shelton Machine Works (Shelton) to modify certain pieces of metal. He informed Shelton that the pieces ultimately would be assembled into machine guns. Because Shelton doubted the legality of the modifications, Shelton contacted appellant Lewis, an agent with the Bureau of Alcohol, Tobacco, and Firearms (Bureau). After Lewis stated that the modifications appeared to be legal, Shelton commenced work.

Four days later, Dickens requested Shelton to modify an additional group of metal pieces, also intended for assembly into machine guns. When Shelton reported this second request to Lewis, the agent, along with appellant Agent Williams, went to the shop to inspect the pieces. Upon their arrival they properly identified themselves as Bureau agents and Shelton's employees showed them metal pieces belonging to Dickens. Lewis then conferred by telephone with his superior, appellant Agent Owens, and, pursuant to Owens's instructions, Lewis seized the pieces in question, along with several sets of instructions belonging to Dickens on how to assemble the weapons.

On August 21, 1983 Dickens sued Shelton, Williams, Lewis, and Owens. He alleged that their combined actions violated his rights under the fourth and fifth amendments and 42 U.S.C. § 1985(3), as well as the United Nations Charter, the Universal Declaration of Human Rights, and the International Covenant on Civil and Political Rights. Owens was sued in his official capacity only, but Lewis and Williams were sued both as individuals and as officials. Dickens also filed a motion demanding the return of the seized property.

Dickens sought to effect service upon the three agents by sending them the complaint and summons via certified mail to their business address on August 24, 1983. When the defendants failed to respond within 20 days, Dickens moved to have a default judgment entered against them on September 14, 1983.

His motion for default judgment was summarily denied on October 5, 1983. After briefing and argument by the parties, the judge dismissed Dickens' claims against the three agents for failing to state a claim as required by Fed.R.Civ.P. 12(b)(6). In addition, the judge found that service upon the defendants in their official capacity had not been effected properly. He dismissed the suit against Shelton because the claim arose under state law. Finally, the judge dismissed the motion for the return of property because the pieces confiscated were the subject of an ongoing criminal investigation.

## II

### A.

■ The district court was correct in dismissing this suit pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted. We recognize that an initial complaint must be construed liberally. Fed.R.Civ.P. 8(e). "A complaint is not to be dismissed under Rule 12(b)(6) unless it appears to a certainty that no relief can be granted under any set of facts that can be proved in support of its allegations." *United States v. Uvalde Consolidated Independent School District,* 625 F.2d 547, 549 (5th Cir.1980).

■ As the court concluded, individual plaintiffs do not have standing to raise any claims under the United Nations Charter and the other international obligations relied upon by Dickens. *Diggs v. Richardson,* 555 F.2d 848, 850 (D.C.Cir.1976).

■ Even assuming, as we must in reviewing a Fed.R.Civ.P. 12(b)(6) motion, that all of Dickens' allegations are true, *Williamson v. Tucker,* 645 F.2d 404, 416 (5th Cir.1981), his allegations themselves defeat any potential constitutional claim. The actions of Lewis and Williams at Shelton described in the complaint did not constitute an illegal search and seizure. They were a legitimate reaction to the discovery of possible contraband or evidence of criminal activity which resulted from information describing Dickens' business request to Shelton. Dickens concedes that Shelton consented to the agents' entry. Shelton's custody of the parts had been voluntarily conferred by Dickens. Dickens has no standing to challenge any search of Shelton's premises because he has no legitimate expectation of privacy in the premises of a business belonging to others. *See Rawlings v. Kentucky,* 448 U.S. 98, 100 S.Ct. 2556, 2562, 65 L.Ed.2d 633 (1980). The fact that his property became the "target" of the search is irrelevant. *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 426–27, 58 L.Ed.2d 387 (1978). The agents did not intrude on any individual's legitimate expectations of privacy, and hence there was no search subject to the fourth amendment's restrictions. *Illinois v. Andreas,* 463 U.S. 765, 103 S.Ct. 3319, 3323, 77 L.Ed.2d 1003 (1983).

■ Dickens' complaint fails to state a viable claim that the seizure of his property violated his rights. Leaving his property at Shelton's place of business was the equivalent of leaving it in plain view in a public place. *United States v. Jackson,* 585 F.2d 653, 658 (4th Cir.1978); *United States v. Lisk,* 522 F.2d 228, 230 (7th Cir. 1975), *cert. denied,* 423 U.S. 1078, 96 S.Ct. 865, 47 L.Ed.2d 89 (1976). No warrant is required to seize a publicly situated item if the officers have probable cause to believe the item is associated with criminal activity. *Texas v. Brown,* 460 U.S. 730, 103 S.Ct. 1535, 1546, 75 L.Ed.2d 502 (1983) (Stevens, J., concurring). Probable cause requires that the facts available to the agents " 'warrant a man of reasonable caution in the belief', *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925), that certain items may be contraband or stolen property or useful as evidence of a crime...." *Texas v. Brown,* 103 S.Ct. at 1543. There is no requirement of a showing that the belief is true or more likely true than false. "A 'practical, nontechnical' probability that incriminating evidence is involved is all that is required." *Id.* (quoting *Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949)).

In the case before us Dickens, in his complaint, admits that the pieces in question ultimately would be made into guns. The production of weapons is subject to rigorous regulations enforced by the Bureau. Dickens' stated intentions pertaining to the pieces, along with his instructions on weapon assembly which the complaint states also were discovered at Shelton and seized, provided a reasonable basis for the agents' belief that the pieces may be contraband or evidence of illegal activity. Dickens also admits in his averments that the agents did not act precipitously in confiscating the pieces, but did so only after inspecting them and conferring with their superior, Agent Owens. Under these circumstances, the seizure of these pieces cannot possibly be construed as unlawful.

Therefore, Dickens has failed to state a claim that his fourth amendment rights were violated. His assertions under the fifth amendment also fail because that amendment's prohibition against the confiscation of property by the government without just compensation is not implicated by the legal seizure of property pursuant to a criminal investigation.

### B.

Our conclusion that Dickens' rights were not violated obviates any need to discuss the trial judge's rulings on the applicability of 42 U.S.C. § 1985(3) and sovereign immunity or the validity of the service of process on the agents in their official capacity. It also disposes of the federal claims Dickens would assert against Shelton.

### C.

Dickens' motion for entry of a default judgment on September 14, 1983 was properly denied. Even though he purports to sue Lewis and Williams as individuals, as well as in their official capacities, they are still entitled to sixty days before a response is due. Fed.R.Civ.P. 12(a). This court, in construing a similar provision concerning the time limits for the filing of an appeal under Federal Rule of Appellate Procedure 4(a), has held that in certain circumstances the sixty-day time limit applies to a government officer sued in his individual, as well as official, capacity. *Williams v. Collins,* 728 F.2d 721, 723–24 (5th Cir.1984). According to *Williams,* the official is entitled to the benefit of the sixty-day period if he was acting under color of law, lawful authority, or office in performing the challenged acts, or if any party in the case is represented by a government attorney. *Id.* at 724.

The agents here were acting under the color of law in confiscating the metal pieces. They have been represented by the United States Attorney throughout this proceeding. Logic requires that the language of Rules of Civil Procedure defining the time for response by these agents be construed consistent with our interpretation of the time limits imposed by Rules of Appellate Procedure. Hence, because a response was filed within sixty days, there is no basis for a default judgment.

### D.

Finally, the Motion for Return of Property Seized, Fed.R.Crim.P. 41(e) was properly denied. That rule provides relief only to "[a] person aggrieved by an unlawful search and seizure ... for the return of the property ... which was illegally seized." Since the agents' actions were legal, Rule 41(e) does not apply. The district judge was not required to hold an evidentiary hearing to reach this conclusion; such a hearing is required only if deemed necessary by the trial judge because the facts of the particular case may be in dispute. *United States v. Harrelson,* 705 F.2d 733, 737 (5th Cir.1983). We cannot say the judge's decision to deny Dickens' Rule 41(e) motion without a hearing was an abuse of that discretion.

### III

The orders dismissing Dickens' claims against all defendants and denying his mo-

tions for entry of default judgment and the return of seized property are

AFFIRMED.