IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41185
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARDELL FITZGERALD ROBERTS,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:93-CR-161-1
- - - - - - - - - - -
June 17, 1998
Before DAVIS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:*

     Cardell Fitzgerald Roberts appeals from the denial of his

motion, pursuant to 18 U.S.C. § 3582(c)(2), to reduce the term of

imprisonment imposed upon him.  Roberts was sentenced to 200

months' imprisonment and six years' supervised release, after

pleading guilty to one count of possession with intent to

distribute cocaine base within 1,000 feet of a public school, in

violation of 21 U.S.C. §§ 841(a)(1) and 860.  As the decision to

grant a § 3582(c)(2) motion is discretionary, we review the

_____

     *  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court's ruling for an abuse of discretion.  United States v. Pardue, 36 F.3d 429, 430 (5th Cir. 1994).

Roberts argues that his sentence should be reduced, in light of U.S. Sentencing Guidelines Amendment 506 and United States v. LaBonte, 117 S. Ct. 1673 (1997), because he claims that application of Amendment 506 to his sentence would result in a reduced term of imprisonment.  See U.S.S.G. App. C amend. 506.  However, in LaBonte, the U.S. Supreme Court determined that Amendment 506 was inconsistent with, and was therefore invalidated by, 28 U.S.C. § 994(h).  117 S. Ct. at 1677-79.  Accordingly, as Robert relies upon Amendment 506 as the basis for the reduction of his sentence, his motion was properly denied.

Roberts also argues that a § 841(a) violation is a lesser-included offense of § 860, and, therefore, his conviction for both offenses must be vacated as it is in violation of the Double Jeopardy Clause.  This argument is not cognizable in a § 3582(c)(2) motion, nor in an appeal from the denial of a § 3582(c)(2) motion.  See Pardue, 36 F.3d at 430 ("A § 3582(c)(2) motion applies only to guideline amendments that operate retroactively, as listed in the policy statement, U.S.S.G. § 1B1.10(d).")  Even if we were to consider this argument, because Roberts was convicted and sentenced only for a single offense, there was no violation of the Double Jeopardy Clause.  See United States v. Anderson, 987 F.2d 251, 254 (5th Cir.

1993)(Double Jeopardy Clause violated if defendant receives multiple convictions and sentences for single act).

As Roberts' arguments are without arguable merit, his appeal is DISMISSED AS FRIVOLOUS.  Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.