# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2010

No. 08-31000
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD LEE BLOUNT, JR., also known as Pixie,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:98-CR-20058-2

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ronald Lee Blount, Jr., federal prisoner # 79414-079, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his life sentence for conspiring to distribute over 50 grams of cocaine base. He argues that his adjudication as a career offender did not preclude him from obtaining relief under § 3582(c)(2) on account of the retroactive amendments to the Sentencing Guidelines concerning crack cocaine. Blount maintains that the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had authority under *United States v. Booker*, 543 U.S. 220 (2005), to resentence him to a lesser term of imprisonment.

Because Blount was sentenced to a statutory minimum life sentence on account of his prior felony drug convictions, the crack cocaine amendments did not lower his guidelines sentence range, and he was not eligible for a sentence reduction under § 3582(c)(2). *See United States v. Pardue*, 36 F.3d 429, 431 (5th Cir. 1994); U.S.S.G. § 5G1.1(b). The Supreme Court has determined that *Booker* does not apply to sentence reductions under § 3582(c)(2) and that the district court may not impose a sentence below the amended guideline range unless the sentencing court originally imposed a term of imprisonment below the guidelines range. *Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010). Likewise, the *Booker* reasonableness standard does not apply in proceedings under § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). In view of the foregoing, Blount has not shown that the district court abused its discretion by denying his § 3582(c)(2) motion. *See id.*

Blount also contends that the district court erred by denying his § 3582(c)(2) motion without conducting an evidentiary hearing. He argues that his motion raised issues concerning the application of *Booker* and that all parties should have been present when these issues were resolved.

Pursuant to the Federal Rules of Criminal Procedure, a defendant need not be present at a § 3582(c) proceeding. FED. R. CRIM. P. 43(b)(4). Generally, a district court must hold a hearing only if it is necessary because the facts are in dispute. *See Dickens v. Lewis*, 750 F.2d 1251, 1255 (5th Cir. 1984). Because Blount was ineligible for relief under § 3582(c)(2), the district court did not abuse its discretion by denying Blount's motion for a reduction in sentence absent an evidentiary hearing. *See id.*; FED. R. CRIM. P. 43(b)(4).

The judgment of the district court is AFFIRMED.