# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 29, 2010

Lyle W. Cayce
Clerk

No. 08-10439
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DONNIE RAY WILLARD, JR.,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CR-83-ALL

Before WIENER, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Donnie Ray Willard, Jr., federal prisoner # 28690-177, appeals the denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence following the recent amendments to the Sentencing Guidelines for crack cocaine offenses. Willard pleaded guilty to possession with intent to distribute more than 50 grams of cocaine base (crack cocaine) and was sentenced to 188 months in prison.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Willard contends the district court erred in:  (1) failing to order the Probation Office to amend the presentence investigation report (PSR) to reflect the two-level reduction (pursuant to the amendments) in his base offense level; (2) failing to apply the reduction to his sentence; (3) relying on his prior felony convictions and arrests, which he maintains were waived by the Government as part of the plea agreement; (4) relying on his post-sentencing conduct because he had no prior notice such evidence would be considered; (5) denying him opportunity to object or refute the evidence at a hearing, in violation of his due process rights; and (6) failing to appoint him counsel.

Guideline Amendments 706 and 711 effectively decreased the base-offense levels for crack cocaine offenses by two levels.  *See United States v. Burns*, 526 F.3d 852, 861 (5th Cir. 2008); U.S.S.G. § 2D1.1; U.S.S.G. Supp. to App'x C, Amend. 706, 711.  When a defendant's term of imprisonment is lowered by an amendment to the Sentencing Guidelines, the district court "*may* reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission".  18 U.S.C. § 3582(c)(2) (emphasis added).  As reflected by the above-emphasized language in § 3582(c)(2), the district court is *not* compelled to grant a sentence reduction under that section.  *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).  The denial of a § 3582(c)(2) motion is reviewed for abuse of discretion.  *See id.* at 671-72.

Willard's contention concerning the court's failure to amend his PSR and denial of his motion for a two-level reduction is refuted by the record.  First, pursuant to Guideline § 1B1.10(b), the district court's order of dismissal stated it determined the amended Guideline range applicable if the amendment had been in effect at the time of the original sentence.  Second, there is no authority, and Willard points to none, requiring the Probation Office to amend the original PSR or promulgate an addendum reflecting the specific Guideline range

generated by the amendment. Third, Willard has *not* directed our court to any authority that would require the district court to specifically recite the numerical parameters of the amended Guideline range. Fourth, the sentencing court is *not* required to provide reasons for its denial of a § 3582 motion, explain its consideration of § 3553(a) factors, or specifically enumerate the amended Guidelines range. *See Evans*, 587 F.3d at 674.

With respect to Willard's contention concerning the district court's consideration of his post-sentence conduct and pre-arrest criminal history, the 2008 amendments to the Guidelines specifically authorize the district court to consider Willard's post-sentencing conduct. U.S.S.G. § 1B1.10, cmt. n.1(B)(iii). In addition, our court has "decline[d] to hold that a district court cannot consider post-conviction conduct in determining whether to grant a sentencing reduction under § 3582(c)(2)". *United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir.), *cert. denied*, 130 S. Ct. 3374 (2010). Moreover, consideration of Willard's criminal history was proper and was not waived by the express language of Willard's plea agreement. *See* U.S.S.G. § 1B1.10, cmt. n.1.(B)(ii); § 3553(a).

Further, even assuming these developments constituted "new evidence" requiring notice, Willard has not shown harmful error because his assertions would not entitle him to relief. *See United States v. Mueller*, 168 F.3d 186, 189-90 (5th Cir. 1999).

The district court did *not* abuse its discretion by denying Willard's motion for a sentence reduction without an evidentiary hearing because he asserted no disputed facts. *See Dickens v. Lewis*, 750 F.2d 1251, 1255 (5th Cir. 1984); FED. R. CRIM. P. 43(b)(4). Additionally, there was no abuse of discretion in not appointing Willard counsel. *See United States v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995).

AFFIRMED.