# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 8, 2010

Lyle W. Cayce
Clerk

No. 08-30997
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENJAMIN BLOUNT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:98-CR-20058-3

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Benjamin Blount, federal prisoner # 06674-035, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his life sentence for conspiring to distribute more than 50 grams of cocaine base. The crack cocaine amendments are inapplicable to an offender whose offense level was based on 4.5 kilograms or more of crack cocaine. U.S.S.G. § 2D1.1 n.10(D)(ii)(I). Blount's offense level was based on 164.7 kilograms, and thus was not affected by the crack cocaine amendments. *See id*.; § 3582(c)(2). Because Blount's offense level

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was not affected by the crack cocaine amendments, he was ineligible for relief, and the district court's denial of his motion for § 3582(c)(2) relief was not an abuse of discretion. *See United States v. Evans*, 587 F.3d 667, 672 (5th Cir.), *cert. denied*, 130 S. Ct. 3462 (2009); *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied*, 130 S. Ct. 517 (2009).

Blount's argument that the district court had the discretion to reduce his sentence under § 3582 in light of *United States v. Booker,* 543 U.S. 220 (2005), is unavailing because "the concerns at issue in *Booker* do not apply in an 18 U.S.C. § 3582(c)(2) proceeding." *Doublin*, 572 F.3d at 238. Although the Guidelines must be treated as advisory in an original sentencing proceeding, *Booker* does not prevent Congress from incorporating a guideline provision "as a means of defining and limiting a district court's authority to reduce a sentence under § 3582(c)." *Id.* at 239 (internal quotation and citation omitted).

Blount also contends that the district court erred by denying his § 3582(c)(2) motion without conducting an evidentiary hearing. He argues that his motion raised issues concerning the application of *Booker* and that all parties should have been present when these issues were resolved.

Pursuant to the Federal Rules of Criminal Procedure, a defendant need not be present at a § 3582(c) proceeding. FED. R. CRIM. P. 43(b)(4). Generally, a district court must hold a hearing only if it is necessary because the facts are in dispute. *See Dickens v. Lewis*, 750 F.2d 1251, 1255 (5th Cir. 1984). Because Blount was ineligible for relief under § 3582(c)(2), the district court did not abuse its discretion by denying Blount's motion for a reduction in sentence absent an evidentiary hearing. *See id.*; FED. R. CRIM. P. 43(b)(4).

The judgment of the district court is AFFIRMED.