# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 30, 2010

No. 08-10416
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

TERRY RICHARDSON, also known as Freeze

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:93-CR-166-7

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Terry Richardson, federal prisoner # 24513-077, appeals pro se from the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on the crack cocaine amendments to the Sentencing Guidelines. A district court's decision whether to reduce a sentence is reviewed for an abuse of discretion, and its interpretation of the Guidelines is reviewed de novo. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). A district court may reduce "a term of imprisonment based on a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2). A reduction is not authorized if the amendment does not have the effect of lowering the defendant's guidelines range. U.S.S.G. § 1B1.10(a)(2)(B), p.s.; *United States v. Carter*, 595 F.3d 575, 578-80 (5th Cir. 2010). Because Richardson was held accountable for sentencing purposes for more than 4.5 kilograms of crack cocaine, a sentence reduction was not permitted. *See* § 2D1.1, comment. (n.10(D)(ii)) (providing that "[t]he 2-level reduction provided in subdivision (i) shall not apply in a case in which . . . the offense involved 4.5 kg or more . . . of cocaine base"); *Carter*, 595 F.3d at 578-80. To the extent that Richardson seeks to challenge the calculation of the drug quantity attributable to him for sentencing purposes, that issue is beyond the scope of the guideline amendment and is not cognizable in a § 3582(c)(2) proceeding. *See Evans*, 587 F.3d at 674; *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995).

Richardson argues that § 1B1.10 conflicts with *United States v. Booker*, 543 U.S. 220 (2005), and impermissibly restricts consideration of the 18 U.S.C. § 3553(a) factors. Richardson's arguments regarding *Booker* are foreclosed by *Dillon v. United States*, 130 S. Ct. 2683, 2691-94 (2010), and *United States v. Doublin*, 572 F.3d 235, 238-39 (5th Cir.), *cert denied*, 130 S. Ct. 517 (2009).

Lastly, the district court did not abuse its discretion in declining to appoint counsel for Richardson and in denying Richardson's motion for a reduction in sentence without conducting an evidentiary hearing. *See Dickens v. Lewis*, 750 F.2d 1251, 1255 (5th Cir. 1984); FED. R. CRIM. P. 43(b)(4); *Whitebird*, 55 F.3d at 1010-11.

The judgment of the district court is AFFIRMED.