# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
December 9, 2010

Lyle W. Cayce
Clerk

No. 10-30302
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DAMIENE MILES, also known as Damiane Miles, also known as Dope Fiend,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:99-CR-50071-4

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Damiene Miles, federal prisoner # 10335-035, was convicted of conspiracy to possess with intent to distribute and aid and abet the possession with intent to distribute five grams or more of crack cocaine. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence. The district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) is reviewed for abuse of discretion, while its interpretation or application of the

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines is reviewed de novo. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010).

Miles argues that the district court committed reversible error by denying his § 3582(c)(2) motion. He maintains that the sentencing court never made any express findings regarding the quantity of crack cocaine attributable to him, specifically whether Miles was responsible for 20 of the 22 kilograms of crack cocaine attributed to him in the presentence report (PSR). Miles also argues that the district court abused its discretion in denying his request for an evidentiary hearing on the issue of drug quantity.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence only where the defendant's sentencing range is actually lowered by the Sentencing Commission. *See* § 3582(c)(2). Here, the sentencing court explicitly adopted the facts and conclusions in the PSR, including the finding that Miles was responsible for at least 22 kilograms of crack cocaine. Accordingly, because Miles was accountable for more than 4.5 kilograms of cocaine base, he was ineligible for a sentence reduction based upon the crack cocaine amendments. *See* U.S.S.G. Supp. to App'x C, Amend. 706; § 2D1.1(c)(1) & comment. (n. 10(D)(ii)). His base offense level consequently was not modified, and his advisory guidelines range was not lowered as a result of the amendments. Thus, the district court did not err in determining that Miles was ineligible for a sentence reduction under § 3582(c)(2). *See Evans,* 587 F.3d at 672.

To the extent that Miles challenges the calculation of the relevant drug quantity at his initial sentencing, that issue is beyond the scope of the guidelines amendment and is not cognizable in a § 3582(c)(2) proceeding. *See* § 1B1.10(a)(3), (b)(1); *see also United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.) (observing that § 1B1.10 is made mandatory by § 3582), *cert. denied*, 130 S. Ct. 517 (2009); *Evans,* 587 F.3d at 674 ("A § 3582(c)(2) motion is not the appropriate vehicle for raising [issues related to the original sentencing].") (internal quotation marks and citation omitted). Additionally, Miles' argument

that the issue preclusion standard discussed in *Bobby v. Bies*, 129 S. Ct. 2145, 2152 (2009), should be applied in his case is unavailing.

Lastly, the district court did not abuse its discretion in denying Miles's motion for a reduction in sentence without conducting an evidentiary hearing. *See Dickens v. Lewis*, 750 F.2d 1251, 1255 (5th Cir. 1984).

AFFIRMED.