# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-11116
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 16, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENDRICK JERMAINE FULTON, also known as Ken Fulton,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CR-94-2

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Kendrick Jermaine Fulton, federal prisoner # 30080-177, is currently serving a 400-month sentence of imprisonment, which was imposed following his jury trial conviction of conspiracy to possess with intent to distribute more than five kilograms of cocaine and intent to manufacture, distribute, and possess with intent to distribute more than 50 grams of cocaine base. In the action that gives rise to the instant appeal, Fulton, relying on Amendment 750

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11116

to the United States Sentencing Guidelines, requested a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2). The district court, referring to the findings as to drug quantity that it orally expressed at Fulton's sentencing hearing, determined that Fulton was ineligible for a sentence reduction because Amendment 750 did not have the effect of lowering his guidelines range. The district court denied Fulton's § 3582(c)(2) motion, and it denied his motion for reconsideration. On appeal, Fulton raises arguments that challenge the district court's determination that he is ineligible for a sentence reduction under Amendment 750.

A district court's decision whether to reduce a sentence pursuant to § 3582(c)(2) is reviewed for abuse of discretion, while its interpretation of the Guidelines is reviewed de novo, and its factual findings are reviewed for clear error. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011). We review the denial of a motion for reconsideration for abuse of discretion. *United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008).

Contrary to Fulton's contention, the law-of-the-case doctrine does not preclude the district court from relying on its drug quantity findings. It is true, as Fulton notes, that we determined in his direct appeal that the district court had erred, but not plainly so, under *United States v. Booker*, 543 U.S. 220 (2005), by enhancing his sentence based on factors not submitted to the jury, *see United States v. Fulton*, 131 F. App'x 441, 444 (5th Cir. 2005), but the holdings of *Booker* have no application in Fulton's § 3582(c)(2) proceeding. *See Dillon v. United States*, 560 U.S. 817, 830 (2010).

Although Fulton asserts that there are a number of drug quantity determinations that warrant further examination so that he can establish his eligibility for a sentence reduction, he may not relitigate the issue of drug quantity in a § 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667,

2

No. 15-11116

674 (5th Cir. 2009).  A proceeding under § 3582(c)(2) is not a full resentencing. *Dillon*, 560 U.S. at 825-26.  The district court did not abuse its discretion by denying Fulton's § 3582(c)(2) motion without holding an evidentiary hearing. *See Evans*, 587 F.3d at 674; *Dickens v. Lewis*, 750 F.2d 1251, 1255 (5th Cir. 1984).

Finally, we reject Fulton's contention that the district court should have used the drug quantity findings set forth in the Presentence Report (PSR), which the district court generally adopted, in determining his eligibility for a sentence reduction.  Fulton objected to the PSR's drug quantity determination, and the district court, after receiving evidence at sentencing, orally announced its findings as to the quantities of crack cocaine and powder cocaine for which he was accountable.  "[T]he district court is not limited at sentencing to the findings in the PSR and the evidentiary bases therefor." *United States v. Solis*, 299 F.3d 420, 456 (5th Cir. 2002).  As the district court determined, in view of its orally stated drug quantity findings, Fulton was ineligible for a sentence reduction because Amendment 750 "does not have the effect of lowering [Fulton's] applicable guideline range."  U.S.S.G. § 1B1.10(a)(2)(B); *see also* § 1B1.10, comment. (n.1(A)).

Accordingly, the judgment of the district court is AFFIRMED.  Fulton's motion to stay the briefing schedule and for summary judgment is DENIED.