# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 30, 2018

Lyle W. Cayce
Clerk

No. 17-11165
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

KENDRICK JERMAINE FULTON, also known as Ken Fulton,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CR-94-2

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Kendrick Jermaine Fulton moved in the district court pursuant to 18 U.S.C. § 3582(c)(2) for a reduction in his 400-month sentence of imprisonment based on Amendment 782 to the Sentencing Guidelines. In determining the amended guidelines range, the drug quantity findings orally stated by the district court at Fulton's sentencing hearing were employed, rather than the drug quantity findings expressed in the Presentence Report (PSR). The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11165

court determined that Amendment 782 reduced Fulton's guidelines range to 324 to 405 months of imprisonment, but it denied a sentence reduction, and Fulton timely appealed.

Fulton contends, in essence, that the drug quantities stated in the PSR should have been used to determine his amended guidelines range for purposes of his motion for a reduction in sentence.  We agree with the Government that the law-of-the-case doctrine precludes us from reexamining this issue, which was decided in *United States v. Fulton*, 670 F. App'x 353, 354 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 2175 (2017), wherein Fulton challenged the denial of a previous § 3582(c)(2) motion.  *See United States v. Agofsky*, 516 F.3d 280, 283 (5th Cir. 2008).  In any event, Fulton's claim also fails because he has not shown that the district court plainly erred by using its orally stated drug quantity findings to determine his offense level under Amendment 782.  *See Puckett v. United States,* 556 U.S. 129, 135 (2009).

In a related argument, Fulton contends that the district court abused its discretion by denying his motion for a sentence reduction without conducting an evidentiary hearing.  He contends that an evidentiary hearing is needed to resolve the question whether the district court, which adopted the PSR, also adopted the PSR's determination of drug quantity.  It is clear from the sentencing transcript that the district court made findings as to drug quantity that differed from the PSR's findings, as it was entitled to do.  *See United States v. Solis*, 299 F.3d 420, 456 (5th Cir. 2002).  Fulton has not shown that the district court abused its discretion in denying the motion for a sentence reduction without conducting an evidentiary hearing   *See Dickens v. Lewis*, 750 F.2d 1251, 1255 (5th Cir. 1984).

Finally, Fulton contends that his sentence of 400 months of imprisonment is longer than the sentences of similarly-situated criminal

defendants nationwide.  He argues that there is an unwarranted disparity that should be addressed by reducing his sentence.  A district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009).  Because the record shows that the district court gave due consideration to Fulton's motion as a whole and considered the 18 U.S.C. § 3553(a) factors, there was no abuse of discretion. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

In view of the foregoing, the judgment of the district court is AFFIRMED. Fulton's request that counsel be appointed to present oral argument is DENIED.