# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
October 4, 2021

Lyle W. Cayce
Clerk

No. 21-50280
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Eugenio Hernandez Villa,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:99-CR-13-8

Before Smith, Stewart, and Graves, *Circuit Judges*.

Per Curiam:[*]

Eugenio Hernandez Villa, federal prisoner # 01208-180, appeals the district court's denial of his motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). On appeal, he primarily contends that the district court abused its discretion by relying on the policy statements set forth in

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

U.S.S.G. § 1B1.13, by failing to consider changes to mandatory minimum sentences for drug offenses and the sentencing disparities created by such changes when determining that he had not shown extraordinary and compelling reasons for release, and by failing to conclude that the 18 U.S.C. § 3553(a) factors favored his release.

We review a district court's decision denying compassionate release for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court may modify a defendant's sentence, after considering the applicable § 3553(a) factors, if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The district court did not abuse its discretion to the extent it considered § 1B1.13 because there is no indication that the district court considered that section binding, and the district court also denied Villa a sentence reduction based on a balancing of the § 3553(a) factors. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *United States v. Cooper*, 996 F.3d 283, 288-89 (5th Cir. 2021). Additionally, the district court considered Villa's rehabilitation efforts while in prison, and although he may disagree with how the district court balanced the § 3553(a) factors, that is not a basis for determining that the district court abused its discretion. *See Chambliss*, 948 F.3d at 693. The record reflects that the district court considered and rejected Villa's argument that nonretroactive changes in sentencing law set forth in § 401 of the First Step Act constituted extraordinary and compelling reasons for early release. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). Finally, Villa has not shown error in connection with his arguments that the district court erred by failing to conduct an evidentiary hearing, or, in the alternative, by failing to allow him to file a sentencing memorandum, and by failing to revise the presentence

No. 21-50280

report.  *See Dickens v. Lewis*, 750 F.2d 1251, 1255 (5th Cir. 1984); *see also United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir. 2019).

Accordingly, the district court's order is AFFIRMED.