# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 14, 2021

Lyle W. Cayce
Clerk

No. 20-50374
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Heriberto Santillan-Tabares,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:03-CR-2291-1

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:[*]

In 2005, Heriberto Santillan-Tabares, federal prisoner # 42055-180, was sentenced to 300 months of imprisonment after pleading guilty to engaging in a continuing criminal enterprise. In 2019, he filed 18 U.S.C. § 3582(c)(2) motions, and his sentence was reduced to 274 months of

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

imprisonment. He appeals this reduction and the denial of his subsequent motion for reconsideration. He argues that the district court erred by failing to award him the full two-level reduction pursuant to Amendment 782 to U.S.S.G. § 2D1.1, further reduce his sentence to 240 months of imprisonment, and consider the 18 U.S.C. § 3553(a) sentencing factors.

Santillan-Tabares fails to show that the district court abused its discretion in reducing his sentence to 274 months of imprisonment. *See United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996). The extent of any sentence reduction is within the full discretion of the district court. *See Dillon v. United States*, 560 U.S. 817, 827 (2010). Furthermore, it is clear from the record that the district court considered the 18 U.S.C. § 3553(a) sentencing factors; any further explanation of this consideration or the reasoning for Santillan-Tabares's sentence reduction was not required. *See United States v. Evans*, 587 F.3d 667, 673-74 (5th Cir. 2009). He also has not shown that the district court abused its discretion in denying his motion for reconsideration without first holding an evidentiary hearing. *See United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008); *Dickens v. Lewis*, 750 F.2d 1251, 1255 (5th Cir. 1984). Finally, Santillan-Tabares fails to demonstrate that the district court plainly erred by failing to give him notice that counsel was appointed or further opportunity to participate in the § 3582(c)(2) proceedings. *See Evans*, 587 F.3d at 671; *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Accordingly, the judgment of the district court is AFFIRMED. Santillan-Tabares's motion for the appointment of counsel is DENIED. His motion for the extension of time to file an appellant's brief is DENIED as unnecessary.