# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2022

Lyle W. Cayce
Clerk

No. 22-10393
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Daniel Hernandez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-173-1

Before Wiener, Elrod, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Daniel Hernandez, federal prisoner # 00405-379, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). We review the district court's denial for abuse of discretion. *See United States v. Cooper*, 996 F.3d 283, 287–88 (5th Cir. 2021). A district court may modify a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-10393

prisoner's sentence, after consideration of the applicable 18 U.S.C. § 3553(a) factors, if extraordinary and compelling reasons warrant such a reduction and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Hernandez asserts that the district court erred by determining that it was bound by U.S.S.G. § 1B1.13 when assessing whether he had established extraordinary and compelling reasons for early release. He contends that the policy statement is inapplicable to § 3582(c)(1)(A) motions filed by inmates.

The record belies his claim that the district court believed that it was bound by § 1B1.13 or its commentary. Rather, the district court appropriately identified that it was bound by only § 3582(c)(1)(A) and § 3553(a), *see United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021), and correctly stated that § 1B1.13 could be used as guidance in deciding whether to grant early release, *see United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). In any event, even if the district court erred in its treatment of § 1B1.13, the district court also independently denied a reduction based on the § 3553(a) factors. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Ward v. United States*, 11 F.4th 354, 360–62 (5th Cir. 2021).

Hernandez also asserts that the district court erred by not considering his arguments and evidence that supported a reduction. However, the record establishes that the district judge, who also presided over Hernandez's sentencing and previously granted a reduction to Hernandez under 18 U.S.C. § 3582(c)(2), was aware of and considered the arguments and factors that implicated whether Hernandez should be granted relief. The district court found that the reasons presented by Hernandez were not extraordinary and compelling and that the § 3553(a) factors did not justify a reduction. *See Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965, 1967 (2018). Hernandez's claim that the district court wrongly weighed the factors does

No. 22-10393

not establish that the district court abused its discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

His additional assertion that the district court did not consider his rehabilitation lacks merit. The district court evaluated his rehabilitation and decided that it was not an extraordinary and compelling circumstance. To the extent that his claims as to his post-sentencing conduct implicated the § 3553(a) factors, *see, e.g.*, *Pepper v. United States*, 562 U.S. 476, 490–91 (2011), the district court concluded that other factors weighed against a reduction, and we defer to the district court's decision. *See Chambliss*, 948 F.3d at 693. Hernandez has not identified or alleged any disputed facts that necessitated a hearing or set forth the arguments or evidence that he would have presented in a memorandum discussing his post-sentencing efforts. *See Dickens v. Lewis*, 750 F.2d 1251, 1255 (5th Cir. 1984).

Finally, Hernandez's claim that the district court should have granted a reduction based on his ineligibility for certain benefits and programs does not state a basis for relief. Hernandez maintains that the district court should have modified his sentence to compensate for the fact that, as a noncitizen and a deportable alien, he was denied benefits under 18 U.S.C. § 3624(c) and could not enroll in the Residential Drug Abuse Program. But we need not decide whether the district court erred in failing to find that this ground was an extraordinary and compelling reason because the district court's weighing of the § 3553(a) factors was itself an adequate basis on which to deny relief. *See Jackson*, 27 F.4th at 1093 n.8; *Ward*, 11 F.4th at 360–62; *Chambliss*, 948 F.3d at 693–94.

Accordingly, the district court's order is AFFIRMED.