# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-50343
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
December 9, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Rene Gandara-Granillo,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:92-CR-132-2

---

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:*

Rene Gandara-Granillo, federal prisoner # 62260-080 and proceeding *pro se*, appeals the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He maintains the court: applied the incorrect legal standard in considering his motion; and erred in assessing the 18 U.S.C. § 3553(a) sentencing factors, by relying on dated facts surrounding his

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

offense and ignoring his age, rehabilitative efforts, and clean prison disciplinary record.  Additionally, he claims a double-jeopardy violation and claims the court erred in failing to hold an evidentiary hearing or allowing him to file a sentencing memorandum.  (Gandara fails to brief his contention that his medical conditions warrant his release; therefore, he has abandoned that claim. *E.g.*, *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." (citation omitted)).)

To the extent he appears to challenge the denial of his earlier 18 U.S.C. § 3582(c)(2) reduction-of-sentence motion, our court previously affirmed that denial on the same grounds he raises in this appeal; therefore, the law of the case bars our revisiting that decision. *United States v. Teel*, 691 F.3d 578, 582 (5th Cir. 2012) (on subsequent appeal, our court "abstains from reexamining an issue of fact or law that has already been decided on appeal"); *see United States v. Gandara-Granillo*, No. 21-50251, 2022 WL 964203 (5th Cir. 30 Mar. 2022).

His double-jeopardy claim fails because the district court did not impose additional punishment; rather, it declined to modify an existing sentence. *E.g.*, *United States v. Anderson*, 987 F.2d 251, 254 (5th Cir. 1993) (double jeopardy "applies where multiple convictions and sentences are based on a single act or transaction"); *see also United States v. Roberts*, No. 97-41185, 1998 WL 413888, at *1 (5th Cir. 17 June 1998) (unpublished) (on appeal of denial of § 3582(c)(2) motion, double jeopardy "argument [was] not cognizable . . . because [defendant] was convicted and sentenced only for a single offense").

Because Gandara did not request a hearing, or leave to file a sentencing memorandum, his procedural claim is reviewed under the well-

known plain-error standard, that need not be repeated. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Section 3582(c) does not mandate, and Gandara fails to show a factual dispute which may have warranted, an evidentiary hearing or other supplemental fact finding. 18 U.S.C. § 3582(c); *see also Dickens v. Lewis*, 750 F.2d 1251, 1255 (5th Cir. 1984) (discretionary hearings generally not required if facts not in dispute); FED. R. CRIM. P. 43(b)(4) (defendant's presence not required for reductions of sentence under § 3582(c)). Accordingly, he fails to demonstrate the requisite clear-or-obvious error. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Reaching his substantive claims, our court reviews denial of a compassionate-release motion for abuse of discretion. *E.g.*, *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Gandara's contention the court erroneously treated Guideline § 1B1.13 (factors and guidance for assessing motions by the Bureau of Prisons for reduction of terms of imprisonment) as binding is directly contradicted by the record. His remaining assertions amount to a disagreement with how the court weighed the § 3553(a) sentencing factors, which is not a sufficient basis for reversal. *E.g.*, *id.* at 694. Rather, the record shows the court assessed the § 3553(a) sentencing factors and provided "clearly-articulated reasons for denying [Gandara's] motion". *Id.* at 693–94. Our court gives deference to that assessment. *Id.*

AFFIRMED.