# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2022

Lyle W. Cayce
Clerk

No. 22-40368
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Donald Laray Fagan,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:95-CR-8-1

Before Higginbotham, Graves, and Ho, *Circuit Judges*.
Per Curiam:*

Donald Laray Fagan, federal prisoner # 05379-078, appeals the denial
of his motion for compassionate release, filed pursuant to 18 U.S.C.
§ 3582(c)(1)(A)(i). As his sole issue for appeal, Fagan asserts that the district
court abused its discretion by failing to give him advance notice that it would

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40368

consider his prison disciplinary record, as such evidence had not been presented in his original sentencing proceeding.

A motion for compassionate release requires a determination that there are extraordinary and compelling reasons for release and that the 18 U.S.C. § 3553(a) sentencing factors favor a reduction. *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021); *United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020). These are independent requirements; a determination that an inmate has not satisfied either one of them is a sufficient basis on which to deny the motion. *United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022); *Chambliss*, 948 F.3d at 693-94. Because Fagan's procedural challenge regarding the asserted lack of notice of consideration of his prison disciplinary record is relevant only to the district court's determination that the § 3353(a) factors did not warrant relief, he has abandoned any challenge to the district court's dispositive determination that there were not extraordinary and compelling reasons for release. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

In any event, Fagan fails to demonstrate error on the part of the district court. In his compassionate release motion, Fagan urged the district court to consider his post-sentencing conduct, and the Government's response to Fagan's compassionate release motion detailed his prison disciplinary convictions and argued that the district court should take the disciplinary convictions into account in its consideration of the § 3553(a) factors. Fagan was thus on notice that the district court might consider his prison disciplinary record, and he replied to the Government's filing, discussing his disciplinary history. Under the circumstances of this case, Fagan cannot show that the district court abused its discretion by taking into account his prison disciplinary convictions. *See United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999). Further, to the extent that Fagan asserts that the district court should have held a hearing, his argument is unavailing, as,

No. 22-40368

aside from indicating that in a hearing he would explain his version of the events that led to his disciplinary convictions, he has failed to identify or allege any disputed facts that necessitate a hearing or set forth the evidence that he would have presented. *See Dickens v. Lewis*, 750 F.2d 1251, 1255 (5th Cir. 1984).

   AFFIRMED.