# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2025

Lyle W. Cayce
Clerk

No. 24-30627
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Hiking Dupre,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:04-CR-28-1

———————————————————————

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Hiking Dupre, federal prisoner # 28867-034, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his sentence. Dupre was sentenced to a 240-month term of imprisonment on his conviction of possession with intent to distribute cocaine base within 1,000 feet of a public playground and to a concurrent 120-month term of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

imprisonment on his conviction of being a felon in possession of a firearm. The district court determined that based on retroactive amendments to the Sentencing Guidelines, Dupre's guidelines range as to these counts is now 33 to 41 months of imprisonment and he is eligible for a reduction. It nevertheless denied a sentence reduction, citing 18 U.S.C. § 3553(a)(1)(C), Dupre's long and disturbing prison disciplinary record, and the need to protect the public from Dupre's further crimes.

On appeal, Dupre asserts that the district court's stated reasons for denying a reduction do not justify a sentence of imprisonment that is 16 and a half years above the amended range. He also argues that the district court failed to consider the remaining § 3553(a) factors and did not give proper weight to his rehabilitation. We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018).

Here, because the district court had before it Dupre's submission that expressly addressed the § 3553(a) factors and his rehabilitation, we assume that the district court considered these arguments. *See United States v. Batiste*, 980 F.3d 466, 479 (5th Cir. 2020). The record reflects that Dupre has an extensive history of prison disciplinary violations. Dupre's contention that the district court improperly denied a sentence reduction based on its concerns with protecting the public given his prison record amounts to an assertion that the district court did not properly balance the § 3553(a) sentencing factors, which is insufficient to establish an abuse of discretion. *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).

Dupre also contends that the district court abused its discretion by failing to grant his request for a hearing on his § 3582(c)(2) motion. He argues that a hearing was warranted because the parties' district court filings placed his prison disciplinary record at the center of the dispute as to whether

his sentence should be reduced.  Dupre asserts that he could have addressed his prison conduct and provided context for his disciplinary convictions at a hearing.

A defendant's presence is not required in connection with a § 3582(c)(2) motion.  *See* FED. R. CRIM. P. 43(b)(4).  The record reflects that Dupre was aware that his prison disciplinary convictions would be considered in connection with his § 3582(c)(2) motion, and that he responded to and contested the evidence in written pleadings.  *See United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999).  Dupre has not identified a specific factual dispute that could have been resolved at a hearing, so he fails to show that the district court abused its discretion.  *See Dickens v. Lewis*, 750 F.2d 1251, 1255 (5th Cir. 1984).

In view of the foregoing, there is no basis for a determination that the district court abused its discretion.  *See Calton*, 900 F.3d at 710.  Accordingly, the decision of the district court is AFFIRMED.