# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 20, 2026

Lyle W. Cayce
Clerk

No. 25-50394
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ARTURO SOLIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:95-CR-111-1

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Arturo Solis, federal prisoner #61520-080, appeals the district court's denial of his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court determined that he was ineligible for a sentence reduction under Amendment 821.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50394

On appeal, Solis renews his argument that he is eligible for a two-point reduction in his criminal history score, and thus a reduced sentence, under U.S.S.G. § 4A1.1, as amended under Amendment 821. He also contends that the district court did not explain why a lesser sentence was not warranted under the 18 U.S.C. § 3553(a) factors and that he should have been given the opportunity to argue the § 3553(a) factors. He also challenges his conviction and the sentence originally imposed on various grounds.

Because Solis had a criminal history score subtotal of seven, the record supports the district court's determination that he was ineligible for a sentence reduction under Part A of Amendment 821 because his criminal history category of IV, and thus his guidelines range, remained unchanged. *See* U.S.S.G. § 4A1.1(e); U.S.S.G. Ch. 5, Pt. A (Sentencing Table); U.S.S.G. § 1B1.10(a)(2), p.s. As the record supports the district court's determination that Solis was ineligible for a sentence reduction, we need not consider his arguments regarding the § 3553(a) factors. *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Solis has abandoned, by failing to brief, the district court's determination that he was not eligible for a sentence reduction under Subpart 1 of Part B of Amendment 821 and his argument that he is eligible for a four-point reduction for prior marijuana convictions. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). To the extent Solis otherwise challenges his conviction and sentence, these issues are not cognizable in § 3582(c)(2) proceedings. *See* 18 U.S.C. § 3582(c)(2); *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

While Solis contends that the district court failed to provide him with the appellate record, he does not identify any argument that he would raise to challenge the district court's determination that he was ineligible had he been provided with the record; thus, any error was harmless. *Cf. United States v. Mueller*, 168 F.3d 186, 189 (5th Cir. 1999). Solis also argues that his

No. 25-50394

due process rights were violated where the district court failed to hold an evidentiary hearing or require the Government to file a response to his § 3582(c)(2) motion, but does not indicate the existence of a specific factual dispute that could have been resolved at an evidentiary hearing, *see* FED. R. CRIM. P. 43(b)(4); *Dickens v. Lewis*, 750 F.2d 1251, 1255 (5th Cir. 1984), nor does he identify any authority requiring the Government to file a response. Finally, while Solis contends that he received ineffective assistance of counsel and denied the right to proceed pro se when the Federal Public Defender (FPD) sent a letter stating that he was ineligible for a sentence reduction, the record does not indicate that the FPD appeared as counsel or prevented Solis from proceeding pro se. Further, as there is no constitutional right to appointed counsel in a § 3582(c)(2) proceeding, *see United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995), Solis cannot claim ineffective assistance of counsel, *see Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

In light of the foregoing, Solis has not demonstrated that the district court erred in its interpretation or application of the Guidelines or abused its discretion in deciding whether to reduce Solis's sentence. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018). Accordingly, the district court's decision is AFFIRMED. All outstanding motions are DENIED.